# MATHIS *a*. VANDERBILT.

*Supreme Court, First District; General Term, September,* 1855.

DISCOVERY.—ACTION BY ADMINISTRATOR.

An administrator may have an order of discovery of books and papers of defendant's, in an action to recover money due to the estate of his intestate, notwithstanding that he complains upon a promise of payment made to himself as administrator.

Appeal from an order of the special term, granting plaintiff a discovery of books and papers of the defendant.

This action was brought by Marshall A. Mathis, administrator of John Van Pelt, against William W. Vanderbilt. The complaint contained three counts substantially as follows.

*First,* That defendant had received from the plaintiff's intestate forty thousand dollars to be applied in building a steamboat, and had instead applied it to his own use; but had afterwards promised to the plaintiff to repay the money with interest.

*Second,* That the defendant had received from the heirs of plaintiff's intestate forty thousand dollars, to be employed in building a steamboat, and had instead applied the money to his own use; but had afterwards promised repayment to the plaintiff.

*Third,* That defendant had had in his possession a steamboat called the Adelaide, whereof the plaintiff's intestate was owner at the time of his death, and that the defendant promised to pay to the plaintiff forty thousand dollars, being the value of the steamboat.

Judgment for forty thousand dollars was demanded.

The answer denied the substantial allegations of the complaint, and also set up, among other matters of defence, that an action was pending in the U. S. District Court for the District of Massachusetts, by one Eleanor Van Pelt, as administratrix of plaintiff's intestate, appointed under the laws of Massachusetts, for the recovery of possession of the steamer Adelaide.

After issue joined, the plaintiff procured at special term an order that defendant furnish to the plaintiff "sworn copies of all books, papers, letters, contracts, documents, vouchers, accounts, drafts, letters of credit received from, executed, or written by Van Pelt or his agents during the lifetime of said Van Pelt, to wit, on the 29th day of September, 1854."

From this order defendant now appealed.

*L. B. Shepard,* for appellant.—I. The complaint being upon

an express promise to pay money to Mathis, the discovery sought is not of matter which is relevant to the issue.

II. If this action could be treated otherwise than as an action upon an express promise, then the action by Eleanor Van Pelt is pending for the same cause in the same right. While this matter in abatement remains undecided, the plaintiff has no right to a discovery:

III. The facts sworn to in Mathis' petition are sworn entirely upon information and belief, and entirely fail to show why discovery will be necessary. ( *Voorhies' Code*, § 388, *and notes*).

IV. The answer being one of the moving papers, the plaintiff is not at liberty to contradict it. Upon his own showing, therefore, it is in evidence that Vanderbilt was not the agent of Van Pelt. But if it were otherwise, the denial of agency contained in the answer effectively disproves it for the purpose of this motion.

V. It is set up in the answer that Van Pelt sold and disposed of his interest.

VI. The defendant in this case is a competent witness, and ought to be called. ( *Code*, § 389 ; Hoyt *v.* American Exchange Bank, 8 *How. Pr. R.*, 89 ; *Voorhies' Code, Supplement*, 255).

*J. T. Williams*, for respondent.

MITCHELL, J.—The complaint shows in one count a loan by the intestate, in another a loan by the administrator of the intestate, and in each count an express promise to the plaintiff, as administrator, to pay. The plaintiff obtained at special term an order for the discovery of letters and correspondence between the defendant and the intestate, and the administrator and others, relating to this transaction. The defendant on appeal admits that if the complaint relied on a promise to the intestate, the discovery would be proper, but insists that it is not proper, because the plaintiff counts on a promise to himself. The promise is to the plaintiff, but the original contract and the advances of money were by other parties whom the plaintiff represents, and they show the consideration that sus-

tains the promise made to the plaintiff; to show these matters, the discovery is necessary.

Order appealed from affirmed with costs.